1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**THO TRAN,**

                                        Petitioner,

                v.

**WOFFORD, Warden,**

                                        Respondent.

1:13-cv-02012 MJS HC

FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A COGNIZABLE CLAIM

(Doc. 1)

ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.     **DISCUSSION**

   A.     **Procedural Grounds for Summary Dismissal**

   Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

   If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague,

1

conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B.    Factual Summary

On December 9, 2013, Petitioner filed the instant petition for writ of habeas corpus.  (Pet., ECF No. 1.) Petitioner challenges the decision of the Board of Parole Hearings ("Board") finding him unsuitable for parole. Petitioner claims the Board and the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released.

### C.    Federal Review of State Parole Decisions

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d 732 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). Swarthout, 131 S.Ct. at 862. In

1  Swarthout, the Court rejected inmates' claims that they were denied a liberty interest

2  because there was an absence of "some evidence" to support the decision to deny

3  parole. The Court stated:

4        There is no right under the Federal Constitution to be conditionally
      released before the expiration of a valid sentence, and the States are

5        under no duty to offer parole to their prisoners. (Citation omitted.) When,
      however, a State creates a liberty interest, the Due Process Clause

6        requires fair procedures for its vindication-and federal courts will review
      the application of those constitutionally required procedures. In the context

7        of parole, we have held that the procedures required are minimal. In
      Greenholtz, we found that a prisoner subject to a parole statute similar to

8        California's received adequate process when he was allowed an
      opportunity to be heard and was provided a statement of the reasons why

9        parole was denied. (Citation omitted.)

10  Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the

11  process that was due as follows:

12        They were allowed to speak at their parole hearings and to contest the
      evidence against them, were afforded access to their records in advance,

13        and were notified as to the reasons why parole was denied....

14        That should have been the beginning and the end of the federal habeas
      courts' inquiry into whether [the petitioners] received due process.

15

16  Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's

17  "some evidence" rule is not a substantive federal requirement, and correct application of

18  California's "some evidence" standard is not required by the Federal Due Process

19  Clause. Id. at 862-63. This is true regardless whether Petitioner is challenging a decision

20  by the Board to deny parole or the Governor's reversal of a parole grant. Swarthout, 131

21  S. Ct. at 860-61; Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir. 2011) ("[w]e now hold

22  that the Due Process Clause does not require that the Governor hold a second suitability

23  hearing before reversing a parole decision.").

24        Here, Petitioner argues that the Board failed to take into account mitigating

25  circumstances, specifically Petitioner's young age in committing the life crime, in

26  determining his suitability. (Pet. at 4-8.) In so arguing, Petitioner asks this Court to

27  engage in the very type of analysis foreclosed by Swarthout. In this regard, Petitioner

28  does not state facts that point to a real possibility of constitutional error or that otherwise

1    would entitle Petitioner to habeas relief because California's "some evidence"

2    requirement is not a substantive federal requirement. Review of the record for "some

3    evidence" to support the denial of parole is not within the scope of this Court's habeas

4    review under 28 U.S.C. § 2254. The Court concludes that Petitioner's claim concerning

5    the evidence supporting the unsuitability finding should be dismissed.

6        Although Petitioner asserts that his right to due process of law was violated by the

7    Board's decision, Petitioner does not set forth any specific facts concerning his

8    attendance at the parole hearing, his opportunity to be heard, or his receipt of a

9    statement of reasons for the parole decision. Petitioner has not alleged facts pointing to

10   a real possibility of a violation of the minimal requirements of due process set forth in

11   Greenholtz, 442 U.S. 1.

12       A petition for habeas corpus should not be dismissed without leave to amend

13   unless it appears that no tenable claim for relief can be pleaded were such leave

14   granted. Jarvis, 440 F.2d at 14. Here, the Court concludes that it would be futile to grant

15   Petitioner leave to amend his first claim, and recommends the petition to be dismissed.

16   **II.    CONCLUSION**

17       Although Petitioner asserts that his right to due process of law was violated by the

18   Board's decision, Petitioner does not set forth any specific facts concerning his

19   attendance at the parole hearing, his opportunity to be heard, or his receipt of a

20   statement of reasons for the parole decision. Petitioner has not alleged facts pointing to

21   a real possibility of a violation of the minimal requirements of due process set forth in

22   Greenholtz, 442 U.S. 1. Petitioner's argument that the decision to deny Petitioner parole

23   violated California's "some evidence" rule is not subject to federal review. See

24   Swarthout, 131 S.Ct. at 862-63. The Court concludes that it would be futile to grant

25   Petitioner leave to amend and that the Petition be dismissed.

26   **III.   RECOMMENDATION**

27       Accordingly, it is RECOMMENDED that the petition be DISMISSED without leave

28   to amend for failure to state a cognizable claim for relief.

1    Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to

2 the present matter.

3    These findings  and recommendations are submitted to the United States District

4 Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636

5 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

6 Eastern District of California. Within thirty (30) days after being served with a copy, any

7 party may file written objections with the Court and serve a copy on all parties. Such a

8 document should be captioned "Objections to Magistrate Judge's Findings and

9 Recommendations." Replies to the objections shall be served and filed within fourteen

10 (14) days (plus three (3) days if served by mail) after service of the objections. The Court

11 will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The

12 parties are advised that failure to file objections within the specified time may waive the

13 right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14

15

16

17

18

19

20

21 IT IS SO ORDERED.

22    Dated:   December 10, 2013        /s/ Michael J. Seng

23                                 UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28